UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Salvatore Cipriano,　　　　　　　　　　Case No. 14-48527-mbm

　　　　　Debtor.　　　　　　　　　　　　　　Chapter 7

　　　　　　　　　　　　　　　　　　　　　　Honorable Marci B. McIvor

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

　　　　　Plaintiff,

-vs-　　　　　　　　　　　　　　　　　　　　Adversary Proceeding No.

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

　　　　　Defendants.

---

| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
| Linnell & Associates, PLLC | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Debtor | Trustee | Attorneys for R.A.M. Produce |
| 2804 Orchard Lake Road | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 203 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Keego Harbor, MI 48320 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (248) 977-4182 | (248) 351-0099 | (313) 963-3873 |

---

## R.A.M. PRODUCE DISTRIBUTORS, L.L.C.'S COMPLAINT
## TO ESTABLISH LIABILITY AND NON-DISCHARGEABILITY OF DEBT

Adversary Proceeding Plaintiff R.A.M. Produce Distributors, L.L.C. ("RAM Produce"), by and through its attorneys, Williams Acosta, PLLC, states as follows for its Complaint to Establish Liability and Non-Dischargeability of Debt against Defendant/Debtor Salvatore Cipriano ("Defendant Cipriano") and Defendant Produce Buyers Co. ("Defendant Produce Buyers"):

## NATURE OF THE ADVERSARY PROCEEDING

1. Through this adversary proceeding RAM Produce respectfully requests entry of a joint and several money judgment against Defendant Cipriano and Defendant Produce Buyers in the principal amount of $33,946.10 based on the failure of Defendant Produce Buyers to pay for perishable agricultural commodities sold by RAM Produce and because Defendant Cipriano is personally liable for the debt based on the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a et seq. ("PACA"). RAM Produce also requests that the final judgment include a declaration that the underlying debt and money judgment is nondischargeable under 11 U.S.C. §523(a)(4) because Defendants are recipients and/or custodians of trust proceeds received from sale of perishable agricultural commodities provided by RAM Produce, and Defendants failed to pay the proceeds to RAM Produce.

## JURISDICTION AND PARTIES

2. This proceeding arises in or is related to the above-captioned case filed under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. ("Code").

3. The Court has jurisdiction over this proceeding under 11 U.S.C. §523 and 28 U.S.C. §1334(b).

4. This proceeding is a core proceeding under 11 U.S.C. §157(b)(2)(I).

5. Kenneth Nathan was appointed Chapter 7 Trustee ("Trustee").

6. RAM Produce is a Michigan limited liability company with its principal place of business located in the City of Detroit, County of Wayne, State of Michigan.

7. During times relevant to the claims asserted in this proceeding, Defendant Cipriano was an individual that resided in the County of Wayne, State of Michigan, and that conducted business in the City of Detroit, County of Wayne, State of Michigan.

8. Defendant Produce Buyers is a Michigan corporation with its principal place of business located in, and that conducted business at all times relevant to this proceeding in, the City of Detroit, County of Wayne, State of Michigan.

## GENERAL ALLEGATIONS

9. RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

10. On or about May 16, 2014, Defendant Cipriano filed a voluntary petition under Chapter 13 of the Code.

11. On or about June 12, 2014, Defendant Cipriano filed a Notice to Convert Case from Chapter 13 to Chapter 7.

12. RAM Produce is a supplier and seller of perishable agricultural commodities, and is also a licensee under the PACA.

13. Defendant Produce Buyers and Defendant Cipriano, at the time of the transactions relevant to this proceeding, were licensed, or were subject to license, under the PACA as a dealer, commissioned merchant, broker, and/or retailer. 7 U.S.C. §499b.

14. From on or about June 10, 2010, to on or about November 12, 2010, RAM Produce sold perishable agricultural commodities to Defendant Produce Buyers with a total principal balance due of $37,921.10.

15. Produce Buyers made two partial payments on the $37,921.10 balance owed to RAM Produce.

16. The first partial payment was tendered on or about May 18, 2012, in the amount of $3,100.00 and the second partial payment was tendered on or about June 20, 2012, in the amount of $875.00.

17. As a result of the foregoing, Defendant Produce Buyers has an outstanding account with RAM Produce with a principal amount owed of $33,946.10 exclusive of costs, interest, and attorney fees.

18. Upon arrival of the perishable agricultural commodities to Defendant Produce Buyers' place of business, Defendant Produce Buyers and Defendant Cipriano accepted the commodities per the RAM Produce invoices.

19. Defendant Produce Buyers sold to non-parties the perishable agricultural commodities provided by RAM Produce, and Defendants received and controlled sale proceeds, but have failed to pay RAM Produce the principal amount due and owing of $33,946.10.

20. The perishable agricultural commodities sold by RAM Produce to Defendant Produce Buyers and Defendant Cipriano were subject to the statutory trust created by the PACA. 7 U.S.C. §499e(c)(2).

21. The foregoing acts and omissions constitute a violation by Defendant Produce Buyers and Defendant Cipriano of the PACA.

22. Under the PACA, RAM Produce retains a trust claim over the commodities sold, all inventories of food or other products derived from those commodities, and any receivables or proceeds from the sale of those commodities, until full payment is received. 7 U.S.C. §499e(c)(2).

23. Defendant Cipriano, as an officer, director, and/or shareholder of Defendant Produce Buyers, had an active and/or controlling management position, and as such, assumed a fiduciary duty to RAM Produce under the PACA.

24. Defendant Cipriano used trust assets for purposes other than payment to RAM Produce, and thus committed a breach of trust under the PACA.

4

14-04957-mbm    Doc 1    Filed 09/05/14    Entered 09/05/14 16:46:51    Page 4 of 12

25. Defendant Cipriano, as a direct result of his acts and/or omissions as stated above, is individually liable to RAM Produce for the payment of the trust proceeds.

26. Defendant Cipriano's Chapter 7 bankruptcy filings in Schedule F (Creditors Holding Unsecured Nonpriority Claims) confirms the debt owed to RAM Produce in the principal amount of $33,946.00. (Exhibit A: Schedule F except, sheet 5).

27. Defendant Cipriano at the Section 341 Meeting of Creditors held on July 9, 2014, confirmed that the Bankruptcy schedules as filed are truthful and accurate, with the exception of a few amendments, not affecting the affirmation of the debt owed to RAM Produce. (Exhibit B: §341 Mtg. Tr. pp. 4-6).

28. Defendant Cipriano at the Section 341 Meeting of Creditors confirmed that the amount owed to RAM Produce to date was $33,946.00. (Exhibit B: §341 Mtg. Tr. p. 8).

29. Defendant Cipriano acknowledged and reaffirmed the debt owed to RAM Produce through a partial payment to RAM Produce in the amount of $3,100.00 made on or about May 18, 2012, and confirmed the reaffirmation through the partial payment at the Section 341 Meeting Creditors. (Exhibit B: §341 Mtg. Tr. p. 8-9).

30. Defendant Cipriano acknowledged and reaffirmed the debt owed to RAM Produce through a second partial payment in the amount of $875.00 made on or about June 20, 2012, and confirmed the reaffirmation through the partial payment at the Section 341 Meeting of Creditors. (Exhibit B: §341 Mtg. Tr. p. 8-9).

31. Defendant Cipriano acknowledged and confirmed he was the only individual "in charge" of financial decisions for Defendant Produce Buyers at the Section 341 Meeting of Creditors. (Exhibit B: §341 Mtg. Tr. pp. 10-11).

32. Defendant Cipriano acknowledged and confirmed that Defendant Produce Buyers was licensed under the PACA, which license expired subsequent to Defendant Produce Buyers'

5

14-04957-mbm    Doc 1    Filed 09/05/14    Entered 09/05/14 16:46:51    Page 5 of 12

purchase of perishable agricultural commodities from RAM Produce. 7 U.S.C. §499b. (Exhibit B: §341 Mtg. Tr. p. 11).

## COUNT I
## BREACH OF CONTRACT
## (AGAINST DEFENDANT PRODUCE BUYERS)

33. RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

34. From on or about June 10, 2010, to on or about November 12, 2010, RAM Produce sold to Defendant Produce Buyers pursuant to RAM Produce invoices, perishable agricultural commodities, for which there remains due and owing the principal sum of $33,946.10. (Exhibit C: Bommarito Affidavit).

35. RAM Produce fully performed its obligations under its agreements with Defendant Produce Buyers and despite numerous requests for payment, Defendant Produce Buyers failed to pay the balance due.

36. Through the partial payments described above, Defendants reaffirmed the underlying debt at issue.

37. Defendant Produce Buyers has failed to pay RAM Produce the principal sum of $33,946.10 owed related to the contracts, and thus breached the parties' contracts.

38. As a direct and proximate result of the breaches of contract by Defendant Produce Buyers, RAM Produce has sustained damages in the principal amount of $33,946.10 exclusive of interest, costs, and attorney fees.

39. Per the terms of the RAM Produce invoices that constitute the underlying contracts, RAM Produce is entitled to receive, and requests award of, interest, costs, and attorney fees.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in its favor and against Defendant Produce Buyers providing RAM Produce the following relief:

  A. Awarding money damages in favor of RAM Produce and against Defendant Produce Buyers in the principal amount of $33,946.10;

  B. Awarding RAM Produce pre-judgment interest, costs, and attorney fees pursuant to the underlying RAM Produce invoices and applicable law;

  C. Awarding RAM Produce post-judgment interest and reasonable costs and attorney fees as provided by law; and,

  D. Granting RAM Produce further legal and/or equitable relief as the Court deems just and proper.

## COUNT II
## ACCOUNT STATED
## (AGAINST DEFENDANT PRODUCE BUYERS)

40. RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

41. From on or about June 10, 2010, to on or about November 12, 2010, RAM Produce rendered and sold to Defendant Produce Buyers on account, various perishable, agricultural commodities, pursuant to the PACA. (Exhibit C: Bommarito Affidavit ¶3).

42. As of the date of filing of this proceeding, Defendant Produce Buyers owes RAM Produce the principal amount of $33,946.10 on account and on an account stated. (Exhibit C: Bommarito Affidavit ¶¶6-10).

43. Defendant Produce Buyers has not disputed and/or objected to the account stated by RAM Produce. (Exhibit C: Bommarito Affidavit ¶14).

44. Despite numerous demands for payment by RAM Produce, Defendant Produce Buyers has failed to render payment on the account stated in the principal amount of $33,946.10. (Exhibit C: Bommarito Affidavit ¶14).

45. Based on the account stated and under applicable law, Defendant Produce Buyers owes RAM Produce the principal amount of $33,946.10 plus pre-judgment interest, costs, and attorney fees as provided by the RAM Produce invoices and/or applicable law.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in its favor and against Defendant Produce Buyers providing RAM Produce the following relief:

    A. Awarding money damages in favor of RAM Produce and against Defendant Produce Buyers in the principal amount of $33,946.10;

    B. Awarding RAM Produce pre-judgment interest, costs, and attorney fees pursuant to the underlying RAM Produce invoices and applicable law;

    C. Awarding RAM Produce post-judgment interest and reasonable costs and attorney fees as provided by law; and,

    D. Granting RAM Produce further legal and/or equitable relief as the Court deems just and proper.

## COUNT III
### CORPORATE AND INDIVIDUAL LIABILITY UNDER THE PACA
### (AGAINST DEFENDANT PRODUCE BUYERS AND DEFENDANT CIPRIANO)

46. RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

47. Defendant Cipriano was an officer, director, and/or shareholder of Defendant Produce Buyers at all times relevant to the claims asserted in this proceeding.

48. Defendant Produce Buyers is a closely held corporation and Defendant Cipriano engaged in an active and/or controlling management role for Defendant Produce Buyers.

49. Defendant Produce Buyers and Defendant Cipriano, individually, engaged in an active role in causing dissipation of the PACA funds held in trust for RAM Produce and thereby committed breach of trust by using trust assets for purposes other than payment to RAM Produce.

50. Defendant Cipriano owed RAM Produce a fiduciary duty as the trustee of the PACA assets, breached this duty, and is personally liable for payment of trust proceeds to RAM Produce. See for e.g., *Golman-Hayden Company Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 1997).

51. Ordinary principles of trust law apply to a trust created under the PACA. See *In Re Kornblum and Co.*, 81 F.3d 280, 284 (2d Cir. 1996).

52. Defendant Produce Buyers and Defendant Cipriano were in receipt of the PACA trust proceeds and benefits to which they are not entitled, and are liable to RAM Produce in the principal amount of $33,946.10, plus recoverable costs, interest, and attorney fees under the PACA and the RAM Produce invoices.

53. Any personal property or other forms of property or value obtained by Defendant Produce Buyers and/or Defendant Cipriano with the PACA trust monies or benefits intended for RAM Produce are held in a constructive trust for the benefit of RAM Produce.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in favor of RAM Produce and against Defendant Produce Buyers and Defendant Cipriano, jointly and severally, providing RAM Produce the following relief:

    A. Awarding money damages in the principal amount of $33,946.10, plus pre-judgment and post-judgment interest, costs, and attorney fees;

B. Compelling Defendant Produce Buyers and Defendant Cipriano to account for any and all proceeds, monies, and income of any sort received from the sale of commodities received from RAM Produce pursuant to the PACA;

C. Awarding to RAM Produce interest, costs, and reasonable attorney fees as allowed under the PACA, the RAM Produce invoices, and relevant law; and,

D. Granting such further legal and/or equitable relief as this Court deems just and proper.

## COUNT IV
### DEBT NONDISCHARGEABLE PURSUANT TO 11 U.S.C. §523(a)(4)
### (AGAINST DEFENDANT CIPRIANO)

54. RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

55. The perishable agricultural commodities sold by RAM Produce to Defendant Produce Buyers and Defendant Cipriano were subject to the statutory trust authorized by the PACA. 7 U.S.C. §499e(c)(2).

56. Under the PACA, RAM Produce retains a trust claim over the commodities sold, all inventories of food or other products derived from those commodities, and receivables or proceeds from the sale of those commodities until full payment is received. 7 U.S.C. §499e(c)(2).

57. Defendant Produce Buyers and Defendant Cipriano are recipients or custodians of some or all of the proceeds from the sale of perishable agricultural commodities provided by RAM Produce.

58. Defendant Produce Buyers is a closely held corporation.

59. Defendant Cipriano, as a responsible officer, director, and/or shareholder of Defendant Produce Buyers, had an active and/or controlling management position, and as such, assumed a fiduciary duty to RAM Produce.

60. Defendant Cipriano engaged in an active role in causing dissipation and/or diversion of the PACA trust funds belonging to RAM Produce and Defendants thereby committed breach of the trust by using trust assets for purposes other than payment to RAM Produce.

61. Defendant Cipriano and Defendant Produce Buyers owed RAM Produce a fiduciary duty as trustee of the PACA assets, breached this duty, and is personally liable for payment from the trust of the monies due and owing to RAM Produce. See for e.g., *Golman-Hayden Company Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 1997).

62. Trust assets are exempt from the bankruptcy estate, and all trust beneficiaries must be paid in full before any such assets are distributed to secured or other creditors. *East Coast Potato Distributors v. Grant (In re Super Spud, Inc.)*, 77 B.R. 930, 931-932 (Bankr. MD Fla. 1987).

63. Pursuant to 11 U.S.C. §523(a)(4), RAM Produce's claim against Defendant Cipriano is nondischargeable.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in favor of RAM Produce and against Defendant Produce Buyers and Defendant Cipriano, jointly and severally, providing RAM Produce the following relief:

    A. Declaring that the debt owed to RAM Produce by Defendant Produce Buyers and Defendant Cipriano is non-dischargeable;

    B. Awarding costs, pre-judgment interest, and attorney fees pursuant to the RAM Produce invoices, the PACA, and related law;

C.  Awarding (non-duplicative) costs to RAM Produce as prevailing party and judgment interest as provided by law; and,

D.  Such further legal and/or equitable relief as the Court deems just and proper.

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC

By: /s/Victor J. Torres
Victor J. Torres (P43240)
Attorneys for Plaintiff
Williams Acosta, PLLC
535 Griswold Street, Suite 1000
Detroit, Michigan 48226-3692
(313) 963-3873

Date: September 5, 2014

14-04957-mbm    Doc 1    Filed 09/05/14    Entered 09/05/14 16:46:51    Page 12 of 12

12