Form B20A(Official Form 20A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In Re: Salvatore Cipriano,                                    Case No. 14-48527-mbm


        Debtor.                                               Chapter 7


                                                             Honorable Marci B. Melvor

_____

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,


                Plaintiff,


v.                                                           Adversary Proceeding No. 14-04957


SALVATORE CIPRIANO a/k/a/ SAL CIPRIANO
An individual,
                Defendant.

_____


**NOTICE OF DEFENDANT SALVATORE CIPRIANO'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

        Defendant Salvatore Cipriano  has filed papers with the court to dismiss Plaintiff RAM Produce, LLC's Complaint.

        <u>**Your rights may be affected.**</u>  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

        If you do not want the court to grant the sought after relief or if you want the court to consider your views on the motion, within 14 days, you or your attorney must:

1.              File with the court a written response or an answer, explaining your position at:[1]

                        **United States Bankruptcy Court**
                                211 W. Fort St.
                                Detroit, MI 48226

_____

        [1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Erik C. Stein
Linnell & Associates, PLLC
2804 Orchard Lake Rd., Ste 203
Keego Harbor, MI 48320

Kenneth Nathan
Nathan Law PLC
29100 Northwestern Hwy
Ste 310
Southfield, MI 48034

2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Date: __October 8, 2014__

/s/ Erik C. Stein
LINNELL & ASSOCIATES, PLLC
By: Erik C. Stein (P72172)
2804 Orchard Lake Rd., Ste 203
Keego Harbor, MI 48320
(248) 977-4182
estein@linnellfirm.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Salvatore Cipriano,                          Case No. 14-48527-mbm

      Debtor.                                    Chapter 7

                                     Honorable Marci B. McIvor

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan Limited Liability Company,

      Plaintiff,

v.                                                  Adversary Proceeding No. 14-04957

SALVATORE CIPRIANO a/k/a/ SAL CIPRIANO
An individual,
      Defendant.

---

Victor J. Torres (P43240)                   Erik C. Stein (P72172)
Williams Acosta, PLLC                       Linnell & Associates, PLLC
Attorneys for R.A.M. Produce Distributors, LLC   2804 Orchard Lake Road
Detroit, MI 48226                           Suite 203
                                            Keego Harbor, MI 48320
                                            (248) 977-4182
                                            estein@linnellfirm.com

---

## SALVATORE CIPRIANO'S  MOTION AND BRIEF TO DISMISS CLAIMS UNDER FRCP 12(B)(6)

Defendant Salvatore Cipriano (hereinafter "Defendant"), by and through his

attorneys, Linnell & Associates, PLLC, hereby moves the Court to dismiss the

1

Complaint pursuant to Bankruptcy Rule 7012(b), FRCP 12(b)(6), and Local Rule 9014-1 and submits the following Memorandum of Law in Support of his Motion.

Pursuant to Local Rule 9014-1(g) Counsel for Defendant Salvatore Cipriano requested consent to the relief requested in this motion from Plaintiff and that consent was denied.

Dated: October 8, 2014

/s/ Erik C. Stein
LINNELL & ASSOCIATES, PLLC
By: Erik C. Stein (P72172)
Attorneys for Defendant
Salvatore Cipriano
2804 Orchard Lake Road
Suite 203
Keego Harbor, MI 48320
(248) 977-4182
estein@linnellfirm.com

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

## TABLE OF CONTENTS

ISSUES PRESENTED.................................................................................................3

TABLE OF AUTHORITIES.........................................................................................4

STATEMENT OF FACTS............................................................................................5

STANDARD OF REVIEW..........................................................................................6

ANALYSIS................................................................................................................7

    I. Plaintiff's claim for breach of fiduciary duty is time-barred by the statute of

    limitations period under MCL 600.5805.............................................................7

    II. Plaintiff's discharge action is correspondingly time-barred by the statute of

    limitations............................................................................................................10

CONCLUSION........................................................................................................11

## ISSUES PRESENTED

I.      Whether Plaintiff was entitled to trust protection under PACA at the time of Defendant's alleged breach under same.

II.    Whether Plaintiff's discharge action is barred due to Plaintiff's failure to assert viable claim against Defendant.

3

## TABLE OF AUTHORITIES

CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...................................................................................6

*Hebshi v. United States*, 13-10253, 2014 WL 1308848 (E.D. Mich. Mar. 31, 2014 ...........................6

*La Grasso Bros. Inc. v. Am. Foodservice, L.L.C.,*, WL 891221 (E.D. Mich. 2011) .........................7,8

*Bocchi Americas Associates Inc v. Commerce Fresh Mktg. Inc.,* 515 F.3d 383 (5th Cir. 2008) ...................................................................................................................................................7

*Overton Distributors, Inc. v. Heritage Bank,* 340 F.3d 361 (6th Cir.2003) ......................................7

*Am. Banana Co. v. Republic Nat. Bank of New York, N.A.,* 362 F.3d 33 (2d Cir. 2004).) ...................................................................................................................................................7, 8

*Imp. Fresh Direct, LLC v. Premier Trading, LLC, No. 14-CV-0877-WJM-MJW, 2014 WL 1631000 (D. Colo. Apr. 23, 2014).* ..............................................................................................................9

*In re Wilder*, 178 B.R. 174 (Bankr. E.D. Mo. 1995) ...............................................................10, 11

*In re Eisaman*, 387 B.R. 219 (Bankr. N.D. Ind. 2008) ....................................................................10

STATUTES

7 U.S.C. §499(a) et seq ..............................................................................................................5, 7, 8

11 U.S.C §523 (a)(4) ..............................................................................................................6, 10, 11

UCC § 2-208(1) ..................................................................................................................................9

UCC 1201(3) ......................................................................................................................................9

4

7 C.F.R. § 46.46(e)(3) .................................................................................................. 7, 8, 9

RULES

Fed.R.Civ.P 12(B)(6) .............................................................................................. 6

Fed.R.Bankr.P. Rule 7012 ...................................................................................... 6

## STATEMENT OF FACTS

Defendant Salvatore Cipriano ("Defendant") is an individual residing in the County of Wayne, State of Michigan. Plaintiff R.A.M. Produce Distributors, L.L.C. ("Plaintiff") is a Michigan limited liability company with its principal place of business located in the City of Detroit.

In 2010, Defendant was employed as President of Produce Buyers Co. Inc., a closely held corporation engaged in produce dealing. At this time, Defendant Produce Buyers Company, Inc. (hereinafter "Produce Buyers") was licensed under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499(a) et seq. ("PACA").

From about June 10, 2012 to November 12, 2010, Plaintiff sold to Defendant perishable agricultural commodities, pursuant to PACA (Exhibit A). Timely with and/or shortly after each sale and delivery of produce, Plaintiff delivered an itemized bill for said produce sold to Produce Buyers (Exhibit B). The total principal amount due Plaintiff from Produce Buyers for the produce sold during this period was $37,921.10.

Produce Buyers offered no payment to Plaintiff until May 18, 2012, when a partial payment of $3,100.00 was made. On June 20, 2012, another payment in the amount of $875.00 was made.

Subsequently around the end of June or early July of 2012, Defendant Produce Buyers ceased operations (Exhibit C).

On or about May 16, 2014, Defendant filed a voluntary petition under Chapter 13 of the Code.

On June 12, 2014, Defendant filed a Notice to Convert Case from Chapter 13 to Chapter 7.

On September 5th, 2014, Plaintiff filed suit against Defendant, alleging breach of fiduciary duty as trustee of PACA assets, and arguing that Plaintiff's debt is accordingly non-dischargeable 11 U.S.C §523 (a)(4).

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure, and is made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded, and provides for dismissal if a plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may consider the complaint as

well as any documents referenced or attached therein or central to the claim to be part of the pleadings. *Hebshi v. United States*, 13-10253, 2014 WL 1308848 (E.D. Mich. Mar. 31, 2014).

## ANALYSIS

### I. PLAINTIFF WAS NOT ENTITLED TO TRUST PROTECTION UNDER 7 C.F.R. § 46.46(e)(3) AT THE TIME OF DEFENDANT'S ALLEGED BREACH.

Congress originally enacted PACA to "regulate the sale of perishable commodities" and promote fair dealing in the sale of produce. *Bocchi Americas Associates Inc v. Commerce Fresh Mktg. Inc.*, 515 F.3d 383, 387 (5th Cir. 2008). In 1984, Congress amended PACA to strengthen the rights of sellers of perishable commodities on short-term credit. *Bocchi Americas Associates Inc.*, 515 F.3d 383. Under the new amendment, PACA would immediately upon delivery of the produce create a non-segregated trust in favor of unpaid sellers, and subsequently impose liability on persons in a position to control the trust assets (in the event of a failure to do so). *Id.* This was intended to apply only to produce sold on a short-term credit basis, "in accordance with the statute's 'full payment promptly' provision." *Id.* Pursuant to said provision, sellers that supply produce dealer with perishable agricultural commodities on credit terms extending over periods of longer than 30 days are not entitled to trust protection under the Perishable Agricultural Commodities Act (PACA). *Am. Banana Co. v. Republic Nat. Bank of New York, N.A.*, 362 F.3d 33 (2d Cir. 2004) (citing Perishable Agricultural Commodities Act, 1930, § 1 et seq., 7 U.S.C.A. § 499a et seq.; 7 C.F.R. §§ 46.2(aa), 46.46(e)).

7

In the case of *La Grasso Bros. v. American Foodservice, LLC,* the Court noted that PACA and related federal regulations "expressly lay out the steps that a produce seller must take to come within PACA's protection." *La Grasso Bros. Inc. v. Am. Foodservice, L.L.C.*, CIV. 10-10711, 2011 WL 891221 (E.D. Mich. Mar. 11, 2011), (quoting *Overton Distributors, Inc. v. Heritage Bank,* 340 F.3d 361, 365 (6th Cir.2003), (citing 7 *U.S.C.* § 499e(c)(3) and (4); 7 *C.F.R.* §§ 46.2(aa) and 46.46(e)). The court held that if the parties to a transaction protected by PACA agreed to payment terms greater than ten days, they "must reduce their agreement to writing *before* entering into the transaction and maintain a copy of the agreement in their records." *La Grasso Bros. Inc. v. Am. Foodservice, L.L.C.*, CIV. 10-10711, 2011 WL 891221 (E.D. Mich. Mar. 11, 2011)(quoting 7 C.F.R. § 46.2(aa)(11)). The Court added that the maximum time for payment for a shipment to which a seller, supplier, or agent can agree and still qualify for coverage under the PACA trust is thirty (30) days after accept and acceptance, as the relevant statute was intended only to protect produce sellers making short-term credit arrangements *Id.*

In the case of *American Banana Co., Inc. v. Republic Nat. Bank of New York, N.A.,* the Court found that when produce sellers licensed under PACA entered into a post-default agreement with buyers that extended the payment beyond the thirty-day maximum, said sellers are not entitled to PACA trust protection. *Am. Banana Co. v. Republic Nat. Bank of New York, N.A.*, 362 F.3d 33, 43 (2d Cir. 2004). Sellers in that case argued that in order to waive PACA trust protection, sellers must enter into a written agreement, as an oral agreement for an extension of payment or a course of dealing allowing for more than 30 days for payment should not abrogate a PACA

8

trust. *Id.* The Court neglected to adopt this argument, finding that nothing in the text of PACA or in its regulations required such an agreement to be reduced to writing, and subsequently held that an oral agreement for an extension of payment is sufficient to abrogate a seller's entitlement to trust benefits under PACA. *Id.*

Under principles of the UCC, and absent any express terms provided by the Plaintiff in this case, an agreement to extend payment beyond the thirty-day maximum may be implied from this course of agreement (UCC 1-201(3); UCC 1-303(a)).

In the case at hand, Plaintiff entered into an agreement with Defendant extending payment beyond the thirty-day maximum. Said agreement is evidenced by the invoice attached, indicated that in course of dealing Plaintiff continued to engage in business with Produce Buyers even though Produce Buyers regularly neglected to pay the full amount owed to Plaintiff within the thirty-day maximum. Such a pattern in performance arguably constitute course of performance under principles of the UCC, which states if a contract "involves repeated occasions for performance by either party, and the other party knows of the nature of the performance and has an opportunity to object to such performance, any course of performance accepted or acquiesced to without objection is relevant to the meaning of the agreement." [UCC § 2-208(1)].

On April 13, 2011, the USDA amended the PACA statute. Said amendment, 7 C.F.R. § 46.46(e)(3), as effected allows that a produce seller who has correctly

9

established their PACA trust rights at or before making a sale will not be deemed later to have forfeited their rights to hold produce buyers liable under the trust by agreeing in any matter to a schedule for payment of the past due amount or by accepting a partial payment. *Imp. Fresh Direct, LLC v. Premier Trading, LLC*, No. 14-CV-0877-WJM-MJW, 2014 WL 1631000 (D. Colo. Apr. 23, 2014).

However, the events in the relevant transactions occurred mainly in 2010, well before the amendment to the federal regulations. At the time of the relevant transactions, Plaintiff had already waived his right to trust benefits under PACA, and Defendant therefore cannot properly said to be held liable for breach of fiduciary trust under same. Further, Defendant's partial payments made in 2012 do not effectuate retroactive application of the amendment to statute, as Plaintiff had not previously established PACA trust rights as required. *Id.*

## II. THE PLAINTIFF'S DISCHARGE ACTION IS BARRED DUE TO PLAINTIFF'S FAILURE TO ASSERT VIABLE CLAIM AGAINST DEFENDANT

Plaintiff alleges that Defendant, as a managing officer of Producer Buyers owed R.A.M. Produce Distributors, L.L.C. a fiduciary duty as trustee of the PACA assets, and in breaching said duty renders himself personally liable for payment from the trust of the monies due and owing to Plaintiff. (Exhibit A). Plaintiff notes that trust assets are exempt from the bankruptcy estate, and all trust beneficiaries must be paid in full before any such assets are distributed to secured or other creditors, and argues that their claim against Defendant is therefore non-dischargeable pursuant to 11 U.S.C §523 (a)(4).

The provisions in 11 U.S.C §523 (a) do not create a new liability from the debtor to a creditor. They merely determine whether an existing liability—determined by non-bankruptcy law—is a dischargeable one. *In re Eisaman*, 387 B.R. 219, 224 (Bankr. N.D. Ind. 2008). Following such reasoning, in the case of *In re Wilder*, the court held that if a creditor's action is barred under state law, the creditor's 11 U.S.C §523 (a) action is correspondingly barred. *In re Wilder*, 178 B.R. 174 (Bankr. E.D. Mo. 1995). The court in *Wilder* determined that it was necessary to first determine whether a "debt", properly characterized as "liability on a claim" within meaning of the Bankruptcy Code, existed within the meaning of 11 U.S.C §523 before such debt may be found non-dischargeable. *In re Wilder*, 178 B.R. at 176. The Court characterized such "debt" within the meaning of the Bankruptcy Code as being a "liability on a claim", and determined that "claim" was properly defined as a "right to payment". *Id.* The Court then determined that as the plaintiff's claim in that case was time-barred by the relevant statute of limitations, an enforceable obligation against the defendant-debtor could not be said to exist. Absent an enforceable obligation, the plaintiff possessed no claim against the debtor—thus no debt could be said to exist. *Id.* at 177.

In the case at hand, as previously discussed, Plaintiff's underlying claim for breach of fiduciary duty is barred as Plaintiff had previously abrogated his rights to trust benefits under PACA. Absent said rights, Plaintiff has no standing to bring a claim for breach of fiduciary trust under same. Correspondingly, and absent an underlying charge of action, Plaintiff's claim for discharge is barred.

## CONCLUSION

Count III of Plaintiff's complaint alleging Defendant's breach of fiduciary trust under PACA is barred as Plaintiff had previously abrogated his rights under PACA, and should be summarily dismissed. Correspondingly, Count IV of Plaintiff's Complaint should be dismissed as absent an underlying cause of action, Defendant's discharge is not excepted pursuant to 11 U.S.C §523 (a)(4).

RESPECTFULLY SUBMITTED on this 1st day of October, 2014

/s/ ERIK C. STEIN
LINNELL & ASSOCIATES, PLLC
By: Erik C. Stein (P72172)
Attorneys for Defendant Sal
Cirpriano
2804 Orchard Lake Road
Suite 203
Keego Harbor, MI 48320
(248) 977-4182
estein@linnellfirm.com

12

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Salvatore Cipriano,

Case No. 14-48527-mbm

Debtor.

Chapter 7

Honorable Marci B. McIvor

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

Plaintiff,

-vs-

Adversary Proceeding No.

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

Defendants.

---

| | | |
|---|---|---|
| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
| Linnell & Associates, PLLC | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Debtor | Trustee | Attorneys for R.A.M. Produce |
| 2804 Orchard Lake Road | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 203 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Keego Harbor, MI 48320 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (248) 977-4182 | (248) 351-0099 | (313) 963-3873 |

---

## R.A.M. PRODUCE DISTRIBUTORS, L.L.C.'S COMPLAINT
## TO ESTABLISH LIABILITY AND NON-DISCHARGEABILITY OF DEBT

Adversary Proceeding Plaintiff R.A.M. Produce Distributors, L.L.C. ("RAM Produce"),
by and through its attorneys, Williams Acosta, PLLC, states as follows for its Complaint to
Establish Liability and Non-Dischargeability of Debt against Defendant/Debtor Salvatore
Cipriano ("Defendant Cipriano") and Defendant Produce Buyers Co. ("Defendant Produce
Buyers"):

## NATURE OF THE ADVERSARY PROCEEDING

1.      Through this adversary proceeding RAM Produce respectfully requests entry of a joint and several money judgment against Defendant Cipriano and Defendant Produce Buyers in the principal amount of $33,946.10 based on the failure of Defendant Produce Buyers to pay for perishable agricultural commodities sold by RAM Produce and because Defendant Cipriano is personally liable for the debt based on the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a et seq. ("PACA").  RAM Produce also requests that the final judgment include a declaration that the underlying debt and money judgment is nondischargeable under 11 U.S.C. §523(a)(4) because Defendants are recipients and/or custodians of trust proceeds received from sale of perishable agricultural commodities provided by RAM Produce, and Defendants failed to pay the proceeds to RAM Produce.

## JURISDICTION AND PARTIES

2.      This proceeding arises in or is related to the above-captioned case filed under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. ("Code").

3.      The Court has jurisdiction over this proceeding under 11 U.S.C. §523 and 28 U.S.C. §1334(b).

4.      This proceeding is a core proceeding under 11 U.S.C. §157(b)(2)(I).

5.      Kenneth Nathan was appointed Chapter 7 Trustee ("Trustee").

6.      RAM Produce is a Michigan limited liability company with its principal place of business located in the City of Detroit, County of Wayne, State of Michigan.

7.      During times relevant to the claims asserted in this proceeding, Defendant Cipriano was an individual that resided in the County of Wayne, State of Michigan, and that conducted business in the City of Detroit, County of Wayne, State of Michigan.

2

8.     Defendant Produce Buyers is a Michigan corporation with its principal place of business located in, and that conducted business at all times relevant to this proceeding in, the City of Detroit, County of Wayne, State of Michigan.

## GENERAL ALLEGATIONS

9.     RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

10.     On or about May 16, 2014, Defendant Cipriano filed a voluntary petition under Chapter 13 of the Code.

11.     On or about June 12, 2014, Defendant Cipriano filed a Notice to Convert Case from Chapter 13 to Chapter 7.

12.     RAM Produce is a supplier and seller of perishable agricultural commodities, and is also a licensee under the PACA.

13.     Defendant Produce Buyers and Defendant Cipriano, at the time of the transactions relevant to this proceeding, were licensed, or were subject to license, under the PACA as a dealer, commissioned merchant, broker, and/or retailer. 7 U.S.C. §499b.

14.     From on or about June 10, 2010, to on or about November 12, 2010, RAM Produce sold perishable agricultural commodities to Defendant Produce Buyers with a total principal balance due of $37,921.10.

15.     Produce Buyers made two partial payments on the $37,921.10 balance owed to RAM Produce.

16.     The first partial payment was tendered on or about May 18, 2012, in the amount of $3,100.00 and the second partial payment was tendered on or about June 20, 2012, in the amount of $875.00.

3

17.     As a result of the foregoing, Defendant Produce Buyers has an outstanding account with RAM Produce with a principal amount owed of $33,946.10 exclusive of costs, interest, and attorney fees.

18.     Upon arrival of the perishable agricultural commodities to Defendant Produce Buyers' place of business, Defendant Produce Buyers and Defendant Cipriano accepted the commodities per the RAM Produce invoices.

19.     Defendant Produce Buyers sold to non-parties the perishable agricultural commodities provided by RAM Produce, and Defendants received and controlled sale proceeds, but have failed to pay RAM Produce the principal amount due and owing of $33,946.10.

20.     The perishable agricultural commodities sold by RAM Produce to Defendant Produce Buyers and Defendant Cipriano were subject to the statutory trust created by the PACA. 7 U.S.C. §499e(c)(2).

21.     The foregoing acts and omissions constitute a violation by Defendant Produce Buyers and Defendant Cipriano of the PACA.

22.     Under the PACA, RAM Produce retains a trust claim over the commodities sold, all inventories of food or other products derived from those commodities, and any receivables or proceeds from the sale of those commodities, until full payment is received.   7 U.S.C. §499e(c)(2).

23.     Defendant Cipriano, as an officer, director, and/or shareholder of Defendant Produce Buyers, had an active and/or controlling management position, and as such, assumed a fiduciary duty to RAM Produce under the PACA.

24.     Defendant Cipriano used trust assets for purposes other than payment to RAM Produce, and thus committed a breach of trust under the PACA.

4

25.    Defendant Cipriano, as a direct result of his acts and/or omissions as stated above, is individually liable to RAM Produce for the payment of the trust proceeds.

26.    Defendant Cipriano's Chapter 7 bankruptcy filings in Schedule F (Creditors Holding Unsecured Nonpriority Claims) confirms the debt owed to RAM Produce in the principal amount of $33,946.00. (Exhibit A:  Schedule F except, sheet 5).

27.    Defendant Cipriano at the Section 341 Meeting of Creditors held on July 9, 2014, confirmed that the Bankruptcy schedules as filed are truthful and accurate, with the exception of a few amendments, not affecting the affirmation of the debt owed to RAM Produce. (Exhibit B: §341 Mtg. Tr. pp. 4-6).

28.    Defendant Cipriano at the Section 341 Meeting of Creditors confirmed that the amount owed to RAM Produce to date was $33,946.00. (Exhibit B:  §341 Mtg. Tr. p. 8).

29.    Defendant Cipriano acknowledged and reaffirmed the debt owed to RAM Produce through a partial payment to RAM Produce in the amount of $3,100.00 made on or about May 18, 2012, and confirmed the reaffirmation through the partial payment at the Section 341 Meeting Creditors. (Exhibit B:  §341 Mtg. Tr. p. 8-9).

30.    Defendant Cipriano acknowledged and reaffirmed the debt owed to RAM Produce through a second partial payment in the amount of $875.00 made on or about June 20, 2012, and confirmed the reaffirmation through the partial payment at the Section 341 Meeting of Creditors. (Exhibit B:  §341 Mtg. Tr. p. 8-9).

31.    Defendant Cipriano acknowledged and confirmed he was the only individual "in charge" of financial decisions for Defendant Produce Buyers at the Section 341 Meeting of Creditors. (Exhibit B:  §341 Mtg. Tr. pp. 10-11).

32.    Defendant Cipriano acknowledged and confirmed that Defendant Produce Buyers was licensed under the PACA, which license expired subsequent to Defendant Produce Buyers'

5

purchase of perishable agricultural commodities from RAM Produce. 7 U.S.C. §499b. (Exhibit B: §341 Mtg. Tr. p. 11).

## COUNT I
## BREACH OF CONTRACT
## (AGAINST DEFENDANT PRODUCE BUYERS)

33.     RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

34.     From on or about June 10, 2010, to on or about November 12, 2010, RAM Produce sold to Defendant Produce Buyers pursuant to RAM Produce invoices, perishable agricultural commodities, for which there remains due and owing the principal sum of $33,946.10. (Exhibit C: Bommarito Affidavit).

35.     RAM Produce fully performed its obligations under its agreements with Defendant Produce Buyers and despite numerous requests for payment, Defendant Produce Buyers failed to pay the balance due.

36.     Through the partial payments described above, Defendants reaffirmed the underlying debt at issue.

37.     Defendant Produce Buyers has failed to pay RAM Produce the principal sum of $33,946.10 owed related to the contracts, and thus breached the parties' contracts.

38.     As a direct and proximate result of the breaches of contract by Defendant Produce Buyers, RAM Produce has sustained damages in the principal amount of $33,946.10 exclusive of interest, costs, and attorney fees.

39.     Per the terms of the RAM Produce invoices that constitute the underlying contracts, RAM Produce is entitled to receive, and requests award of, interest, costs, and attorney fees.

6

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in its favor and against Defendant Produce Buyers providing RAM Produce the following relief:

A.     Awarding money damages in favor of RAM Produce and against Defendant Produce Buyers in the principal amount of $33,946.10;

B.     Awarding RAM Produce pre-judgment interest, costs, and attorney fees pursuant to the underlying RAM Produce invoices and applicable law;

C.     Awarding RAM Produce post-judgment interest and reasonable costs and attorney fees as provided by law; and,

D.     Granting RAM Produce further legal and/or equitable relief as the Court deems just and proper.

## COUNT II
## ACCOUNT STATED
## (AGAINST DEFENDANT PRODUCE BUYERS )

40.     RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

41.     From on or about June 10, 2010, to on or about November 12, 2010, RAM Produce rendered and sold to Defendant Produce Buyers on account, various perishable, agricultural commodities, pursuant to the PACA. (Exhibit C: Bommarito Affidavit ¶3).

42.     As of the date of filing of this proceeding, Defendant Produce Buyers owes RAM Produce the principal amount of $33,946.10 on account and on an account stated. (Exhibit C: Bommarito Affidavit ¶¶6-10).

43.     Defendant Produce Buyers has not disputed and/or objected to the account stated by RAM Produce. (Exhibit C: Bommarito Affidavit ¶14).

7

44.     Despite numerous demands for payment by RAM Produce, Defendant Produce Buyers has failed to render payment on the account stated in the principal amount of $33,946.10. (Exhibit C: Bommarito Affidavit ¶14).

45.     Based on the account stated and under applicable law, Defendant Produce Buyers owes RAM Produce the principal amount of $33,946.10 plus pre-judgment interest, costs, and attorney fees as provided by the RAM Produce invoices and/or applicable law.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in its favor and against Defendant Produce Buyers providing RAM Produce the following relief:

A.     Awarding money damages in favor of RAM Produce and against Defendant Produce Buyers in the principal amount of $33,946.10;

B.     Awarding RAM Produce pre-judgment interest, costs, and attorney fees pursuant to the underlying RAM Produce invoices and applicable law;

C.     Awarding RAM Produce post-judgment interest and reasonable costs and attorney fees as provided by law; and,

D.     Granting RAM Produce further legal and/or equitable relief as the Court deems just and proper.

## COUNT III
### CORPORATE AND INDIVIDUAL LIABILITY UNDER THE PACA
### (AGAINST DEFENDANT PRODUCE BUYERS AND DEFENDANT CIPRIANO)

46.     RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

47.     Defendant Cipriano was an officer, director, and/or shareholder of Defendant Produce Buyers at all times relevant to the claims asserted in this proceeding.

8

48. Defendant Produce Buyers is a closely held corporation and Defendant Cipriano engaged in an active and/or controlling management role for Defendant Produce Buyers.

49. Defendant Produce Buyers and Defendant Cipriano, individually, engaged in an active role in causing dissipation of the PACA funds held in trust for RAM Produce and thereby committed breach of trust by using trust assets for purposes other than payment to RAM Produce.

50. Defendant Cipriano owed RAM Produce a fiduciary duty as the trustee of the PACA assets, breached this duty, and is personally liable for payment of trust proceeds to RAM Produce. See for e.g., *Golman-Hayden Company Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 1997).

51. Ordinary principles of trust law apply to a trust created under the PACA. See *In Re Kornblum and Co.*, 81 F.3d 280, 284 (2d Cir. 1996).

52. Defendant Produce Buyers and Defendant Cipriano were in receipt of the PACA trust proceeds and benefits to which they are not entitled, and are liable to RAM Produce in the principal amount of $33,946.10, plus recoverable costs, interest, and attorney fees under the PACA and the RAM Produce invoices.

53. Any personal property or other forms of property or value obtained by Defendant Produce Buyers and/or Defendant Cipriano with the PACA trust monies or benefits intended for RAM Produce are held in a constructive trust for the benefit of RAM Produce.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in favor of RAM Produce and against Defendant Produce Buyers and Defendant Cipriano, jointly and severally, providing RAM Produce the following relief:

A. Awarding money damages in the principal amount of $33,946.10, plus pre-judgment and post-judgment interest, costs, and attorney fees;

9

B.      Compelling Defendant Produce Buyers and Defendant Cipriano to account for any and all proceeds, monies, and income of any sort received from the sale of commodities received from RAM Produce pursuant to the PACA;

C.      Awarding to RAM Produce interest, costs, and reasonable attorney fees as allowed under the PACA, the RAM Produce invoices, and relevant law; and,

D.      Granting such further legal and/or equitable relief as this Court deems just and proper.

## COUNT IV
### DEBT NONDISCHARGEABLE PURSUANT TO 11 U.S.C. §523(a)(4)
### (AGAINST DEFENDANT CIPRIANO)

54.    RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

55.    The perishable agricultural commodities sold by RAM Produce to Defendant Produce Buyers and Defendant Cipriano were subject to the statutory trust authorized by the PACA. 7 U.S.C. §499e(c)(2).

56.    Under the PACA, RAM Produce retains a trust claim over the commodities sold, all inventories of food or other products derived from those commodities, and receivables or proceeds from the sale of those commodities until full payment is received. 7 U.S.C. §499e(c)(2).

57.    Defendant Produce Buyers and Defendant Cipriano are recipients or custodians of some or all of the proceeds from the sale of perishable agricultural commodities provided by RAM Produce.

58.    Defendant Produce Buyers is a closely held corporation.

10

59.     Defendant Cipriano, as a responsible officer, director, and/or shareholder of Defendant Produce Buyers, had an active and/or controlling management position, and as such, assumed a fiduciary duty to RAM Produce.

60.     Defendant Cipriano engaged in an active role in causing dissipation and/or diversion of the PACA trust funds belonging to RAM Produce and Defendants thereby committed breach of the trust by using trust assets for purposes other than payment to RAM Produce.

61.     Defendant Cipriano and Defendant Produce Buyers owed RAM Produce a fiduciary duty as trustee of the PACA assets, breached this duty, and is personally liable for payment from the trust of the monies due and owing to RAM Produce. See for e.g., *Golman-Hayden Company Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 1997).

62.     Trust assets are exempt from the bankruptcy estate, and all trust beneficiaries must be paid in full before any such assets are distributed to secured or other creditors. *East Coast Potato Distributors v. Grant (In re Super Spud, Inc.),* 77 B.R. 930, 931-932 (Bankr. MD Fla. 1987).

63.     Pursuant to 11 U.S.C. §523(a)(4), RAM Produce's claim against Defendant Cipriano is nondischargeable.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in favor of RAM Produce and against Defendant Produce Buyers and Defendant Cipriano, jointly and severally, providing RAM Produce the following relief:

A.      Declaring that the debt owed to RAM Produce by Defendant Produce Buyers and Defendant Cipriano is non-dischargeable;

B.      Awarding costs, pre-judgment interest, and attorney fees pursuant to the RAM Produce invoices, the PACA, and related law;

11

C.    Awarding (non-duplicative) costs to RAM Produce as prevailing party and judgment interest as provided by law; and,

D.    Such further legal and/or equitable relief as the Court deems just and proper.

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC


By:    /s/Victor J. Torres
       Victor J. Torres (P43240)
       Attorneys for Plaintiff
       Williams Acosta, PLLC
       535 Griswold Street, Suite 1000
       Detroit, Michigan 48226-3692
       (313) 963-3873

Date:  September 5, 2014

# EXHIBIT B

425799

RIBUTORS, LLC
DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
841-2500

CUSTOMER SIGNATURE X

CLAIMS MUST BE MADE AT TIME OF DELIVERY
CASH DUE AND PAYABLE UPON DEMAND

TOTAL ▼

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

421404

IRS, LLC
...DIT PRODUCE TERMINAL
7201 W. FORT ST
DETROIT, MICHIGAN
(313) 841-2500

G
34
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO
ADDRESS

CUSTOMER SIGNATURE X

CLAIMS MUST BE MADE AT TIME OF DELIVERY
CASH DUE AND PAYABLE UPON DEMAND

TOTAL ▼

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

**SAM PRODUCE DISTRIBUTORS, LLC**

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

...KWOOD AVE.
MI 48217
...200 • FAX (313) 841-9208

7-19-201...

Produce Buyer

...60  Mango Mex
C-Jul-08

6480-

SIGNATURE

**TOTAL** ▶

AIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

...ishable Agricultural Commodities listed on this invoice are sold
...o the statutory trust authorized by Section 5(c) of the Perishable
...ral Commodities Act. 1930 (7 U.S.C. 499e(c)). The seller of these
...ties retains a trust claim over these commodities, all inventories of
...ther products derived from these commodities, and all receivables or
...from the sale of these commodities until full payment is received."
...t is due within 10 days after the day on which the produce is accepted,
...herwise specifically provided under the Perishable Agricultural
...ties Act. 7 USC 499a et seq."
...chaser of the commodities listed on this invoice and those liable for
...under the PACA are also liable for pre-judgement interest of 7% from
...fter the invoice is due and for attorney fees and costs in connection
...cting payment under this invoice."

INV. NO. 424461

CUSTOMER COPY

---

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

...LC

...ODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD
TO
ADDRESS

Produce Buyers

7-19-201 10

X  140  lb Grass
26 50

3710-

CUSTOMER SIGNATURE
X

**TOTAL** ▶

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold
subject to the statutory trust authorized by Section 5(c) of the Perishable
Agricultural Commodities Act. 1930 (7 U.S.C. 499e(c)). The seller of these
commodities retains a trust claim over these commodities, all inventories of
food or other products derived from these commodities, and any receivables or
proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted,
or as otherwise specifically provided under the Perishable Agricultural
Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for
payment under the PACA are also liable for pre-judgement interest of 7% from
the day after the invoice is due and for attorney fees and costs in connection
with collecting payment under this invoice."

INV. NO. 423925

CUSTOMER COPY

PRODUCE DISTRIBUTORS, LLC

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-8200 • FAX (313) 841-8208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO
ADDRESS

*Produce Sales 7-20-0*

X cel wengs kit.6  5-  1300

CUSTOMER SIGNATURE
X

TOTAL ←

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these Agricultural Commodities...

# IAM

## PRODUCE DISTRIBUTORS, LLC

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO
ADDRESS

CUSTOMER SIGNATURE x

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

TOTAL

# IAM

## PRODUCE DISTRIBUTORS, LLC

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO
ADDRESS

CUSTOMER SIGNATURE x

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

TOTAL

42474    P.1

42473

**CAM**
**PRODUCE DISTRIBUTORS, LLC**

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9206

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO
ADDRESS

CLAIMS MUST BE MADE AT TIME OF DELIVERY
CASH DUE AND PAYABLE UPON DEMAND

TOTAL

CUSTOMER SIGNATURE X

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or

---

OFFICES
340 S. OAK—
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9206

UCE TERMINAL
ST.
HIGAN

SOLD TO
ADDRESS

CLAIMS MUST BE MADE AT TIME OF DELIVERY
CASH DUE AND PAYABLE UPON DEMAND

TOTAL

CUSTOMER SIGNATURE X

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of



43566

**ORS, LLC**
ROIT PRODUCE TERMINAL
1 W. FORT ST.
TROIT, MICHIGAN
(3) 841-2500

SOLD TO
ADDRESS ___Nature Fruit___

9-13-0   201_

120 With Grap Tues
(C-Sup)   20-
2400-

CLAIMS MUST BE MADE AT TIME OF DELIVERY
CASH DUE AND PAYABLE UPON DEMAND

CUSTOMER SIGNATURE  X

TOTAL

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of..."

---

43088 7

**JTORS, LLC**
DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

_____ OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO
ADDRESS ___Nature Perkins___

8-9  201 6

CLAIMS MUST BE MADE AT TIME OF DELIVERY
CASH DUE AND PAYABLE UPON DEMAND

CUSTOMER SIGNATURE  X

TOTAL

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable..."

---

**Top form:**

...TORS, LLC
...TROIT PRODUCE TERMINAL
...01 W. FORT ST.
...TROIT, MICHIGAN
(313) 841-2500

SOLD TO
ADDRESS

CUSTOMER SIGNATURE
X

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

TOTAL

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

---

**Bottom form:**

PRODUCE DISTRIBUTORS, LLC
DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO
ADDRESS

CUSTOMER SIGNATURE
X

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

TOTAL

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

447644

444843

**SAM**
**PRODUCE DISTRIBUTORS, LLC**

DETROIT PRODUCE TERMINAL
OFFICES                                    7201 W. FORT ST.
340 S. OAKWOOD AVE.              DETROIT, MICHIGAN
DETROIT, MI 48217                      (313) 841-2500
(313) 841-9200 • FAX (313) 841-9208

SOLD
TO
ADDRESS

CUSTOMER SIGNATURE    X

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

TOTAL

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these

---

OFFICES
340 S.
DETROIT
(313) 84

C
DUCE TERMINAL.
ST,
HIGAN

201-

SOLD
TO
ADDRESS

CUSTOMER SIGNATURE    X

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

TOTAL

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable

44 7913

# SAM PRODUCE DISTRIBUTORS, LLC

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO
ADDRESS

CUSTOMER SIGNATURE X

TOTAL ▶

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND.

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or



**PAM**

**PRODUCE DISTRIBUTORS, LLC**

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

8-1 200 1

0 · C *

810·00

810—

CA$H

# 7452

**TOTAL**

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Commodities Act. 1930 (7 U.S.C. 499e(c)). The seller of these products derived from these commodities, and any receivables or the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the invoice is due and for attorney fees and costs in connection in collecting payment under this invoice."

3828    **CUSTOMER COPY**



OFFICES

**PAM**

**PRODUCE DISTRIBUTORS, LLC**

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

600·00

7-5 200 1

600 00

Ca$h
Paid
7-6-11
# 7391

**TOTAL**

CUSTOMER SIGNATURE

X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act. 1930 (7 U.S.C. 499e(c)). The seller of these food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

INV. NO.    208249    **CUSTOMER COPY**





**BUTORS, LLC**
DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

CASH

TOTAL

BE MADE AT TIME OF DELIVERY

AND PAYABLE UPON DEMAND

*ural Commodities listed on this invoice are sold
rust authorized by Section 5(c) of the Perishable
Act. 1930 (7 U.S.C. 499e(c)). The seller of these
t claim over these commodities, all inventories of
ved from these commodities, and any receivables or
ese commodities until full payment is received."
days after the day on which the produce is accepted,
lly provided under the Perishable Agricultural
9a et seq."
modities listed on this invoice and those liable for
re also liable for pre-judgement interest of 7% from
due and for attorney fees and costs in connection
er this invoice."*

5   CUSTOMER COPY

---

**BUTORS, LLC**
DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

CASH

CUSTOMER SIGNATURE

X

TOTAL

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

*"The Perishable Agricultural Commodities listed on this invoice are sold
subject to the statutory trust authorized by Section 5(c) of the Perishable
Agricultural Commodities Act. 1930 (7 U.S.C. 499e(c)). The seller of these
commodities retains a trust claim over these commodities, all inventories of
food or other products derived from these commodities, and any receivables or
proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted,
or as otherwise specifically provided under the Perishable Agricultural
Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for
payment under the PACA are also liable for pre-judgement interest of 7% from
the day the invoice is due and for attorney fees and costs in connection
with collecting payment under this invoice."*

INV. NO.   209560        CUSTOMER COPY

# EXHIBIT C

1    A.    No.

2    Q.    -- for Produce Buyers; correct?

3    A.    No.

4    Q.    Do you currently have a PACA license?

5    A.    Not any longer.  It would be expired.

6    Q.    Okay.  Did you have individually a PACA license of any

7    type at any time?

8    A.    Only in Produce Buyers (indiscernible).

9    Q.    (Interrupting.)  Okay.  Produce Buyers did.

10   A.    Yes.

11   Q.    And you're indicating either that was -- what's the

12   status of that license that Produce Buyers had, the PACA

13   license?

14   A.    It's expired.

15   Q.    It's expired?

16   A.    Oh, yes.

17   Q.    Do you recall when?

18   A.    In 2012 when I couldn't pay it.

19   Q.    Okay.  When did Produce Buyers cease business operations?

20   A.    Right around June, end of June, July of 2012, through

21   that.

22   Q.    And -- and the physical location of the business?

23   A.    It was Office 93, 7201 West Fort Street, 48219.

24   Q.    Okay.  I see that you have both Produce Buyers and then

25   another company, a Canadian company --

11

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                      Case # 14-48527-MBM

    **SALVATORE CIPRIANO**              Chapter 7

Debtor.                                     HON. MARCI B. MCIVOR
_____/

R.A.M. Produce Distributors, LLC

    Plaintiff,

v.                                          ADVERSARY PROCEEDING
                                            No. 14-04957
SALVATORE CIPRIANO a/k/a SAL
CIPRIANO, et. al.

    Defendants.
_____/

## CERTIFICATE OF SERVICE

I, Tracey Berry, hereby certify that on October 8, 2014, I served a copy of Defendant's Motion to Dismiss and Brief in Support of his Motion to Dismiss, Exhibits, and Proof of Service via first class mail, by placing said documents in the U.S. Post office receptacle with appropriate postage addresses to:

Victor J. Torres
Williams Acosta, PLLC
Attorneys for Plaintiff
535 Griswold Street, Suite 1000
Detroit MI 48226

Kenneth Nathan – Chapter 7 Trustee
Nathan Law PLC
29100 Northwestern Highway
Suite 310
Southfield, MI 48034

I declare under penalty that the above statements are true to the best of my knowledge, information, and belief. _Tracey Berry_