UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: Salvatore Cipriano, | Case No. 14-48527-mbm |
| Debtor. | Chapter 7 |
| | Honorable Marci B. McIvor |

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan Limited Liability Company,

        Plaintiff,

v.                                    Adversary Proceeding No. 14-04957

SALVATORE CIPRIANO a/k/a/ SAL CIPRIANO
An individual,
        Defendant.

---

| | |
|---|---|
| Victor J. Torres (P43240) | Erik C. Stein (P72172) |
| Williams Acosta, PLLC | Linnell & Associates, PLLC |
| Attorneys for R.A.M. Produce Distributors, LLC | 2804 Orchard Lake Road |
| Detroit, MI 48226 | Suite 203 |
| | Keego Harbor, MI 48320 |
| | (248) 977-4182 |
| | estein@linnellfirm.com |

---

Defendant Sal Cipriano states for his Answer to the Class Action Complaint (hereinafter "COMPLAINT") of R.A.M. Produce Distributors, L.L.C. (hereinafter "RAM") on file herein as follows:

## ANSWER

### NATURE OF THE ADVERSARY PROCEEDING

1. No response necessary.

### JURISDICTION AND PARTIES

2. No response necessary.

3. No response necessary.

4. No response necessary.

5. Defendant admits the allegation contained in paragraph 5.

6. Defendant admits the allegation contained in paragraph 6.

7. Defendant admits the allegation contained in paragraph 7.

8. Defendant admits the allegation contained in paragraph 8.

### GENERAL ALLEGATIONS

9. No response necessary.

10. Defendant admits the allegation contained in paragraph 10.

11. Defendant admits the allegation contained in paragraph 11.

12. Defendant admits the allegation contained in paragraph 12.

13. Defendant admits the allegation contained in paragraph 13.

14. Defendant admits the allegation contained in paragraph 14.

15. Defendant admits the allegation contained in paragraph 15.

16. Defendant admits the allegation contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegation contained in paragraph 18.

19. Defendant admits the allegation contained in paragraph 19.

20. Defendant admits the allegation contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint for the reason that it is untrue. Under the PACA, sellers that supply produce dealer with perishable agricultural commodities on credit terms extending over periods of longer than 30 days are not entitled to trust protection.

23. Defendant admits the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint for the reason that it is untrue. Plaintiff was not entitled to trust protection under PACA at the time of the alleged breach of trust.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint. Plaintiff was not entitled to trust protection under PACA at the time of the alleged breach of trust.

26. Defendant denies the specific allegation contained in paragraph 26 alleging breach of trust as a PACA drust did not exist with respect to the transaction alleged by Plaintiff.

27. Defendant admits the allegation contained in paragraph 27.

28. Defendant admits the allegation contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint for the reason that it is untrue.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint for the reason that it is untrue.

31. Defendant admits the allegation contained in paragraph 31.

32. Defendant admits the allegation contained in paragraph 32.

### COUNT I
### BREACH OF CONTRACT
### (AGAINST DEFENDANT PRODUCE BUYERS)

33. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 33 as a non-party to the claim.

34. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 34 as a non-party to the claim.

35. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 35 as a non-party to the claim.

36. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 36 as a non-party to the count.

37. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 37 as a non-party to the claim.

38. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 38 as a non-party to the claim.

39. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 39 as a non-party to the claim.

### COUNT II
### ACCOUNT STATED
### AGAINST DEFENDANT PRODUCE BUYERS

40. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 40 as a non-party to the claim.

41. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 41 as a non-party to the claim.

42. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 42 as a non-party to the claim.

43. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 43 as a non-party to the claim.

44. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 44 as a non-party to the claim.

45. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 45 as a non-party to the claim.

46. Defendant Cipriano neither admits nor denies the allegations contained in paragraph 46 as a non-party to the claim.

## COUNT III
## CORPORATE AND INDIVIDUAL LIABILITY UNDER THE PACA
## (AGAINST DEFENDANT PRODUCE BUYERS AND DEFENDANT CIPRIANO)

46. No response necessary.

47. Defendant admits the allegation contained in paragraph 47.

48. Defendant admits the allegation contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint for the reason that it is untrue.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint for the reason that it is untrue.

51. Defendant neither admits nor denies the allegations in paragraph 51 and leaves Plaintiff to its proofs.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint for the reason that it is untrue.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint for the reason that it is untrue.

**COUNT V**
**DEBT NONDISCHARGEABLE PURSUANT TO 11 U.S.C. 523(A)(4)**
**(AGAINST DEFENDANT CIPRIANO)**

54. No response necessary.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint for the reason that it is untrue. Agreement between Plaintiff and Defendant on credit terms extended over a period of more than 30 days, voiding seller's trust protection.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint for the reason that it is untrue.

57. Defendant admits the allegation contained in paragraph 57.

58. Defendant admits the allegation contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59 as it is untrue.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint for the reason that it is untrue.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint for the reason that it is untrue.

62. Defendant neither admits nor denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint as it is untrue.

## AFFIRMATIVE DEFENSES

As for the affirmative Defenses to Plaintiff's Complaint, Defendant states as follows:

### THE FIRST AFFIRMATIVE DEFENSE

(Failure to State a claim)

Each of the purported causes of action set forth in the Complaint fails to allege facts sufficient to state a claim upon which relief can be granted. Defendants have filed a Motion to Dismiss prior with his Answer.

### THE SECOND AFFIRMATIVE DEFENSE

(Waiver)

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of waiver. Specifically, Plaintiff waived rights to trust benefits under PACA when entering into an agreement with Plaintiff to extend payments beyond the thirty-day maximum.

### THE THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of unclean hands.

### THE FOURTH AFFIRMATIVE DEFENSE

(Laches)

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of laches.

### THE FIFTH AFFIRMATIVE DEFENSE

(Failure to mitigate damages)

Each of the purported causes of action set forth in the Complaint is barred by Plaintiff's failure to mitigate damages.

### THE SIXTH AFFIRMATIVE DEFENSE

(Consent)

Each of the purported causes of action set forth in the Complaint is barred by Plaintiff's consent.

### THE SEVENTH AFFIRMATIVE DEFENSE

Defendant has not yet completed their investigation and discovery regarding the allegations and claims set forth and asserted by Plaintiffs. Accordingly, Defendant reserves the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

WHEREFORE, Defendant Salvatore Cipriano prays for judgment against the Plaintiff as follows:

(1) Deny Plaintiff any relief against Salvatore Cipriano, whether declaratory, injunctive, monetary or otherwise;

(2) For the costs of suit incurred herein, including reasonable attorney's fees; and

(3) Any other relief that this Court deems just and equitable.

DATED: October 8, 2014

/s/ Erik C. Stein
LINNELL & ASSOCIATES, PLLC
By: Erik C. Stein (P72172)
Attorneys for Defendant Salvatore Cipriano
2808 Orchard Lake Rd., Ste 203
Keego Harbor, MI 48320
(248) 977-4182
estein@linnellfirm.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case # 14-48527-MBM

**SALVATORE CIPRIANO**                              Chapter 7

Debtor.                                             HON. MARCI B. MCIVOR
_____/

R.A.M. Produce Distributors, LLC

    Plaintiff,

v.                                                  ADVERSARY PROCEEDING
                                                    No. 14-04957
SALVATORE CIPRIANO a/k/a SAL
CIPRIANO, et. al.

    Defendants.
_____/

## CERTIFICATE OF SERVICE

I, Tracey Berry, hereby certify that on October 8, 2014, I served a copy of Defendant's Answer to Plaintiff's Complaint, and Proof of Service via first class mail, by placing said documents in the U.S. Post office receptacle with appropriate postage addresses to:

Victor J. Torres
Williams Acosta, PLLC
Attorneys for Plaintiff
535 Griswold Street, Suite 1000
Detroit MI 48226

Kenneth Nathan – Chapter 7 Trustee
Nathan Law PLC
29100 Northwestern Highway
Suite 310
Southfield, MI 48034

I declare under penalty that the above statements are true to the best of my knowledge, information, and belief. _/s/ Tracey Berry_