UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Salvatore Cipriano,                    Case No. 14-48527-mbm

       Debtor.                                Chapter 7

                                             Honorable Marci B. McIvor

_____

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

       Plaintiff,

-vs-                                         Adversary Proc. No. 14-04957-mbm

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

       Defendants.

| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
|---|---|---|
| Linnell & Associates, PLLC | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Debtor | Trustee | Attorneys for R.A.M. Produce |
| 2804 Orchard Lake Road | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 203 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Keego Harbor, MI 48320 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (248) 977-4182 | (248) 351-0099 | (313) 963-3873 |

**PLAINTIFF R.A.M. PRODUCE DISTRIBUTORS, L.L.C.'S RESPONSE TO
SALVATORE CIPRIANO'S MOTION TO DISMISS CLAIMS UNDER F.R.C.P. 12(b)(6)**

       Plaintiff R.A.M. Produce Distributors, L.L.C. ("RAM Produce"), by and through its attorneys, Williams Acosta, PLLC, responds to Salvatore Cipirano's ("Defendant Cipriano") Motion to Dismiss Claims Under F.R.C.P. 12(b)(6) ("Motion to Dismiss")[1] as follows:

       1.     RAM Produce filed this adversary proceeding against Defendants to obtain a money judgment in the principal amount of $33,946.10 against Defendant Produce Buyers based

---

[1] The Motion to Dismiss was filed on behalf of Defendant Cipriano only. On October 15, 2014, the Court Clerk entered default against Defendant Produce Buyers Co. ("Defendant Produce Buyers") for failure to respond to the Complaint. Defendant Cipriano and Defendant Produce Buyers are collectively referred to as "Defendants".

on claims of breach of contract and account stated, and a money judgment against both Defendants, jointly and severally, based on claims asserted under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. 499a *et seq.*, as amended ("PACA").

2. Through this adversary proceeding RAM Produce also seeks entry of a judgment providing that the debt (and any related judgment) owed to RAM Produce by Defendant Cipriano is non-dischargeable under 11 U.S.C. § 523(a)(4) based on violation of the PACA statutory trust by Defendant Cipriano.

3. The underlying principal debt in the amount of $33,946.10 is based on sale of produce by RAM Produce to Defendant Produce Buyers which is unpaid. (Exhibit C of Brief: Bommarito Affidavit).

4. Defendant Cipriano was in charge of Defendant Produce Buyers and made financial decisions for Defendant Produce Buyers. (Exhibit A of Brief: § 341 Tr. pp. 10-11, 15).

5. During the § 341 hearing, Defendant Cipriano admitted that the principal debt owed to RAM Produce is $33,946.00 and that Defendants acknowledged the debt by making partial payments in May and June 2012. (Exhibit A of Brief: § 341 Tr. pp. 8-9).

6. In the pending Motion to Dismiss, Defendant Cipriano argues that RAM Produce is not entitled to PACA protections because through a "course of dealing", RAM Produce accepted partial payments and continued to do business with Defendant Produce Buyers even though Defendant Produce Buyers regularly neglected to pay the full amount owed to RAM Produce within the PACA 30 day maximum payment term and that RAM Produce thereby lacks "standing" to assert a claim for breach of trust based on PACA trust rights.

7. For the following reasons, Defendant Cipriano's Motion to Dismiss should be denied:

2

14-04957-mbm    Doc 11    Filed 10/22/14    Entered 10/22/14 21:13:36    Page 2 of 5

A. RAM Produce has asserted a valid PACA claim against Defendant Cipriano: (1) RAM Produce preserved PACA trust benefits by providing written notice on its invoices that the perishable agricultural commodities sold were subject to the PACA statutory trust, 7 U.S.C. § 499e(c)(2); (2) Defendant Cipriano held perishable agricultural commodities furnished by RAM Produce and proceeds from sale in a statutory (PACA) trust, 7 U.S.C. § 499e(c)(2); and, (3) Defendant Cipriano failed to preserve the PACA trust and/or trust assets by failing to pay sale proceeds to RAM Produce and is therefore, personally liable. *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F3d 348, 351 (5th Cir. 1977).

B. Defendant Cipriano's "course of dealing" and related "lack of standing" arguments fail for three independent reasons in addition to the other reasons cited in the subparts of this paragraph 6 and in RAM Produce's Brief in Support: (1) RAM Produce's use of the default 10 day payment term set forth in 7 C.F.R. § 46.2(aa)(5) is all that is required to preserve PACA trust benefits (*Overton Distributors, Inc. v. Heritage Bank*, 340 F.3d 361, 365 (6th Cir. 2003)); (2) courts have considered and rejected the argument that acceptance of partial payments or payments beyond the 30 day maximum provided under the PACA results in forfeiture of a PACA claim (*In Re: Lombardo Fruit & Produce Company*, 12 F.3d 806, 809-810 (8th Cir. 1993)); and, (3) under 7 C.F.R. § 46.46(e)(3) which was effective April 13, 2011, a seller of produce who has expressly met the PACA trust preservation requirements does not forfeit eligibility under the trust by accepting a partial payment and this section applies in this proceeding as partial payments on the balance owed were made in May and June of 2012.

C. The PACA liability of Defendant Cipriano is not dischargeable in bankruptcy. Controlling authority on the subject from bankruptcy courts and general jurisdiction courts acknowledge that under the PACA a produce buyer's unpaid obligation

becomes a <u>trust</u> obligation prior to and superior to any lien or security interest in inventory held by a secured lender.[2] See for e.g., *In Re Prange Foods Corp*, 63 B.R. 211, 214 (Bankr. W.D. Mich. 1986). As a result, a debtor's PACA liability is not dischargeable in bankruptcy. See for e.g., *In Re Masdea,* 307 B.R. 466, 473-474 (W.D. Penn. 2004). (A trust arising under the PACA is the type required for § 523(a)(4) of the Bankruptcy Code to be operative). *Tom Lange Company v. Stout,* 123 B.R. 412, 415 (W.D. Okla. 1990). (The trust created by the PACA satisfies the fiduciary capacity requirement as defined by §523(a)(4) and the defendant's failure to pay the produce proceeds is defalcation which is excepted from discharge).

        D.    At the § 341 hearing, Defendant Cipriano admitted that he was in sole control of the financial decisions of Defendant Produce Buyers including, but not limited to, how proceeds received from sale of produce furnished by RAM Produce were spent. Defendant Cipriano also admitted defalcation under the PACA statutory trust by virtue of Defendant Cipriano's control over the proceeds of sales of the commodities provided by RAM Produce and use of those proceeds to pay general business expenses of Defendant Produce Buyers instead of paying RAM Produce. (Exhibit A of Brief: § 341 Tr. pp. 9-11, 15-16).

8.    In this case Defendant Cipriano has admitted breach of the PACA trust and PACA liability is not dischargeable in bankruptcy.

9.    For the reasons outlined above and detailed in RAM Produce's Brief in Support and exhibits and upon which RAM Produce further relies, Defendant Cipriano's Motion to Dismiss should be denied.

---

[2] In addition to supporting the principle that a PACA trust is the type of trust which is non-dischargeable under 11 U.S.C. § 523(a)(4), the fact that PACA trust assets are exempt from a bankruptcy estate further supports the conclusion that liability for breach of a PACA trust is non-dischargeable in bankruptcy. See for e.g., *C.H. Robinson Co v. Trust Company Bank, N.A.,* 952 F.2d 1311, 1315 fn. 3 (11th Cir. 1992).

4

14-04957-mbm    Doc 11    Filed 10/22/14    Entered 10/22/14 21:13:36    Page 4 of 5

WHEREFORE, RAM Produce respectfully requests that this Honorable Court deny Defendant Cipriano's Motion to Dismiss and enter an order providing RAM Produce the following relief:

A. Denying, with prejudice, Defendant Cipriano's Motion to Dismiss;

B. Providing RAM Produce the relief identified in the Complaint including a money judgment against Defendants and pre-judgment interest (7% per the invoices);

C. Adjudicating that the debt owed to RAM Produce by Defendant Cipriano is non-dischargeable in bankruptcy;

D. Awarding RAM Produce attorney fees and costs related to response to the Motion to Dismiss based on the content of the RAM Produce invoices and relevant PACA law, and/or pursuant to F.R.C.P. 11; and,

E. Such further legal and/or equitable relief as the Court deems just and proper.

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC

By: /s/Victor J. Torres
Victor J. Torres (P43240)
Attorneys for Plaintiff RAM Produce
Distributors, L.L.C.
535 Griswold Street, Suite 1000
Detroit, Michigan 48226-3692
(313) 963-3873

Date: October 22, 2014