UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Salvatore Cipriano, | Case No. 14-48527-mbm |
| Debtor. | Honorable Marci B. McIvor |
| _____/ | |
| R.A.M. PRODUCE DISTRIBUTORS, L.L.C., a Michigan limited liability company, | |
| Plaintiff, | Adversary Proceeding No. 14-04957-mbm |
| v. | |
| SALVATORE CIPRIANO a/k/a SAL CIPRIANO an individual, AND PRODUCE BUYERS CO., a Michigan corporation, | |
| Defendant. | |
| _____/ | |

### REPORT OF PARTIES' RULE 26(f) CONFERENCE

Pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(f), a Rule 26(f) conference was held on November 13, 2014, by telephone and was participated in by:

    Attorney Victor J. Torres forPlaintiff R.A.M. Produce Distributors, L.L.C. ("Plaintiff RAM Produce").

    Attorney Erik C. Stein for Defendant Salvatore Cipriano ("Defendant Cipriano").

This is submitted as the required report of that conference.

(1)   Initial Disclosures required by Fed. R. Civ. P. 26(a)(1).

    [ x ]  The parties will provide such by December 2, 2014; or

    [   ]  The parties agree to provide the following at the times indicated:

(2)   Discovery Plan. The parties jointly propose to the Court the following discovery plan:

(a) Discovery will be needed on the following subjects:

Plaintiff RAM Produce believes that based on admissions of Defendant Cipriano at the 7-9-14 §341 hearing, Plaintiff RAM Produce is entitled to summary judgment. Therefore, at this time, Plaintiff RAM Produce plans to file a summary judgment motion without discovery and to expedite proceedings. In the event that summary judgment is not granted, Plaintiff RAM Produce respectfully reserves the right to request discovery after the Court's decision on summary judgment.

Defendant Cipriano currently has a Motion to Dismiss pending before the Court. A hearing is scheduled for November 25, 2014 at 9:00 AM. If Defendant's Motion is Granted, any further discovery in this matter would be moot. If, however, Defendant's Motion is Denied, Defendant believes that discovery should be permitted notwithstanding any motion filed for summary judgment by Plaintiff.

(b) All discovery commenced in time to be completed by February 28, 2015.

(c) Maximum of 20 interrogatories by each party to any other party. Responses due 30 days after service.

(d) Maximum of 20 requests for admission by each party to any other party. Responses due 30 days after service.

(e) Maximum of 3 depositions by Plaintiff RAM Produce and 3 by Defendant Cipriano.

(f) Each deposition limited to maximum of 4 hours unless extended by agreement of parties.

(g) Reports from retained experts under Rule 26(a)(2) due:
From: Plaintiff RAM Produce by January 30, 2015
From: Defendant Cipriano by February 28, 2015.

(h) Supplementation under Rule 26(e) due as provided by court rules.

(3) <u>Other Agreed Upon Items</u>.

(a) Plaintiff RAM Produce should be allowed until _____N/A____, 20____ to join additional parties and until _____N/A____, 20____ to amend the pleadings.

(b) Defendant Cipriano should be allowed until _____N/A_____, 20____ to join additional parties and until _____N/A____, 20____ to amend the pleadings.

(c) All potentially dispositive motions should be filed by March 31, 2015.

(d) The proceeding should be ready for trial by April 30, 2015. The trial is expected to take approximately 1 trial day.

(e) Jury Trial Matters.

    (i) [ x] a jury trial was <u>not</u> timely demanded and <u>is</u> waived; or

        [ ] a jury trial was timely demanded, but is waived; or
        [ ] a jury trial was timely demanded but not waived.

    (ii) [ ] the parties consent to the Bankruptcy Court conducting the jury trial; or

        [ ] the parties do not at this time consent to the Bankruptcy Court conducting the jury trial.

(f) The parties agree that:

    [ x ] This is a core proceeding; or

    [ ] This is a non-core proceeding otherwise related to the bankruptcy case.

(g) [ x] The parties consent to the Bankruptcy Court entering a final order or judgment in this proceeding; or

    [ ] The parties do not consent to the Bankruptcy Court entering a final order or judgment in this proceeding.

(4) <u>Other matters</u>. None.

(5) <u>Matters not agreed upon or insufficiently addressed by the foregoing</u>. None.

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC

Dated: November 13, 2014

By: /s/ VICTOR J. TORRES
Victor J. Torres (P43240)
Attorney for Plaintiff
R.A.M. Produce Distributors, L.L.C.
535 Griswold Street, Suite 1000
Detroit, Michigan 48226-3692
(313) 963-3873
vtorres@williamsacosta.com

Respectfully Submitted,

GALLAGHER SHARP

Dated: November 13, 2014

By: /s/ ERIK C. STEIN
Erik C. Stein (P72172)
Attorney for Defendant
Salvatore Cipriano
211 West Fort Street, Suite 660
Detroit, Michigan 48226
(313) 962-9160
estein@gallaghersharp.com