UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

    Salvatore Cipriano,　　　　　　　　　　　　　　Case No. 14-48527-MBM
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
                  Debtor.　/　　　　　　　　　　Hon. Marci B. McIvor

R.A.M. Produce Distributors, L.L.C.
a Michigan limited liability company,

                  Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　　Adv. Pro. No. 14-4957

Salvatore Cipriano a/k/a Sal Cipriano,
an individual, and Produce Buyers, Co.,
a Michigan corporation,

                  Defendant.　/

**SUPPLEMENTAL OPINION TO BENCH OPINION
ISSUED ON NOVEMBER 25, 2014**

On November 25, 2014, this Court issued a bench opinion granting defendant, Salvatore Cipriano's Motion to Dismiss Plaintiff's Complaint. The basis of the Court's ruling was that Plaintiff failed to state a claim against Defendant Cipriano because of Plaintiff's failure to take prompt action against defendant, Produce Buyers, the party with primary liability to Plaintiff. While this Court was correct in finding that Plaintiff's Complaint failed to state a claim upon which relief could be granted, the legal analysis resulting in that conclusion was unnecessarily tortured. Because this Court is concerned that its analysis could cause confusion to sellers and buyers who operate under the Perishable Agricultural Commodities Act (7 U.S.C. § 499a *et. seq.* (hereinafter "PACA")), the Court is issuing a Supplemental Opinion to clarify the basis of its

dismissal of Plaintiff's complaint.

The facts in this case are not in dispute. In 2010, defendant/debtor Salvatore Cipriano was the sole owner and operator of defendant Produce Buyers Co., Inc., a corporation engaged in the sale of fresh produce. Produce Buyers was licensed under PACA.

Between June and November, 2010, plaintiff R.A.M. Produce Distributors, L.L.C. sold perishable produce to Produce Buyers. R.A.M. was also licensed under PACA.

The total amount of produce sold to defendant Produce Buyers during that period was $37,921.10 (Defendants' Ex. B; Plaintiff's Ex. C - invoices). Printed at the bottom of each RA.M invoice issued to Produce Buyers is the following language:

CLAIMS MUST BE MADE AT THE TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorize by section 5(c) of the Perishable Agricultural Commodities Act, 1920 (7 U.S.C. § 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds form the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 5 USC 499a *et. seq.*"

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgment interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

Produce Buyers made no payments on the invoices for approximately 18 months. Thereafter, it made only two payments to R.A.M. on the invoices: $3,100 was paid on May 18, 2012 and $875 was paid on June 20, 2012. In late June or early July, 2012, Produce Buyers

ceased operations.

On May 16, 2014, defendant Salvatore Cipriano filed a voluntary chapter 13 bankruptcy petition. On June 13, 2014, the case was converted to chapter 7.

On September 15, 2014, R.A.M. filed the present adversary complaint seeking a judgment on the balance owed under the invoices and a finding that the debt is nondischargeable under 11 U.S.C. § 523(a)(4). Specifically, Count I of the Complaint alleges breach of contract, Count II is captioned "Account Stated (Against Defendant Produce Buyers)," Count III asserts corporate and individual liability under the PACA and Count IV asserts nondischargeability under § 523(a)(4). Defendant Cippriano's Motion to Dismiss seeks dismissal of Counts III and IV.

PACA regulates the produce industry and promotes fair dealings in transactions involving fruits and vegetables. Under PACA, when a seller, dealer or supplier ships produce to a buyer, a statutory trust is created upon acceptance of the commodities. Once this trust comes into being, and the supplier's rights are properly preserved, the produce supplier obtains a priority interest in the trust assets (proceeds of the sale of the produce as well as proceeds of those proceeds) held by the buyer.

PACA states in relevant part:

Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.
. . .

7 U.S.C. § 499e(c)(2). This section creates a non-segregated, floating trust for the benefit of the

3

seller of perishable commodities. The trust comes into existence when the produce is delivered and remains in effect until payment is received. PACA requires purchasers of perishable produce to provide full and prompt payment to produce sellers. 7 U.S.C. § 499b(4).

Based on the inclusion of the appropriate language in Plaintiff's invoices, this Court agrees that at the time the Plaintiff sold goods to defendant, Produce Buyers Co., the goods were imposed with a trust. Notwithstanding the fact that Plaintiff included the necessary language to create a PACA trust in its invoices, in its bench opinion, this Court concluded that Plaintiff lost its right to enforce a PACA claim against defendant Produce Buyers because of its failure to promptly seek to enforce its remedies after defendant Produce Buyers defaulted on its payment obligations under the invoices. The factual basis of this ruling was that defendant Produce Buyers defaulted in November or December, 2010, Produce Buyers went out of business in June, 2012, and Plaintiff took no action against either Produce Buyers or Salvatore Cipriano until September 13, 2014.

The court acknowledges that in its bench opinion, it confused a PACA beneficiary's right to file a lawsuit to collect on its debt with the PACA beneficiary's right to enforce collection by attaching specific assets of the PACA buyer. The opinion could create confusion as to whether PACA creates its own limitations for the time period in which PACA sellers could bring legal action to collect on their debt. This Court intended to create no such confusion. PACA contains no specific language as to the deadline by which a seller must file a suit to recover the proceeds from produce sold out of trust. Any limitation on the filing of a lawsuit to collect money owed by a purchaser of PACA protected goods is governed by the relevant statute of limitations.

Generally, determining which statute of limitations applies to activity governed by a

4

federal statute is a question of federal law. *Weis-Buy Service, Inc. v. Paglia*, 411 F.3d 415, 422 (3rd Cir. 2005), *Spada Properties, Inc. v. United Grocers Inc.*, 2014 WL 4058967 (D. Or.). However, when federal statutes fail to provide any limitations period for the cause of action they create, courts look to state law to limit claims. *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 33 (1995).

Produce Buyers was a Michigan limited liability company with its principal place of business in Detroit, Michigan. Therefore for purposes of determining the applicable statute of limitations in which Plaintiff could have filed a lawsuit against defendants Produce Buyers and Cipriano, the relevant statute of limitations is controlled by the laws of the State of Michigan. While the parties did not brief the issue, a footnote in Plaintiff's brief suggests that Defendants, at one point, asserted a three year limitations period, presumably the limitations period for bringing tort actions seeking damages for breach of fiduciary duty. *See* Mich. Comp. Laws 600.5805(10) [1] ; *Bernstein v. Seyburn, Kahn, Gin, Bess & Serlin Corp.*, 2014 WL 688652 (Mich. App.)(statute of limitations for breach of fiduciary duty is three years); *Wayne Co. Employees Retirement Sys. v. Wayne Co.*, 836 N.W.2d 279, 316, n. 37 (Mich. App. 2013)(same). Plaintiff, without citation to any specific statute, asserts that even if the applicable limitations period is three years, the period was "reset" with each partial payment made by Defendants.

The few cases that have addressed the statute of limitations in the context of an action brought under PACA have concluded that the appropriate statute of limitations is the statute of

---

[1]Mich Comp. Laws § 600.5805(1) is the residual tort statute of limitations and states: "Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a person or property." Case law holds that this statute controls claims for breach of fiduciary duty.

limitations for breach of fiduciary duty. *See e.g.* S*pada Properties, Inc. v. Unified Grocers*, 2014 WL 4058967 (D. Or. 2014); *Weis-Buy Services, Inc. v. Paglia*, 411 F.3d 415, 422 (3rd Cir. 2005). This Court agrees.

A cause of action against a PACA purchaser includes an action to recover money damages for nonpayment (essentially a breach of contract action) and an action to impose a trust on the proceeds of products sold out of trust. *Bocchi Americas Associates, Inc. v. Commerce Fresh Marketing, Inc.*, 515 F.3d 383, 388 (5th Cir. 2008). PACA also imposes a secondary liability on persons who are in a position to control the trust assets and fail to do so. As explained in *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.,* 217 F.3d 348 (5th Cir. 2000):

> PACA liability attaches first to the licensed commission merchant, dealer, or broker of perishable agricultural commodities. If, however, the assets of the licensed commission merchant, dealer, or broker are insufficient to satisfy the PACA liability, then others may be held secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust.Thus, we join our colleagues in the Ninth Circuit and hold that individual shareholders, officers, or directors of a corporation who are in a position to control trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under PACA. We view this conclusion as consistent with the intent of Congress in establishing the statutory trust provisions of PACA.

*Id.* at 351 (footnotes omitted).

Based on the statute and the case law, it is clear to this Court that the only basis for a claim against the party secondarily liable under PACA is a breach of fiduciary claim. The conclusion is consistent with Plaintiff's Complaint: Counts III and IV are directed at defendant Cipriano and seek damages based the breach of fiduciary duty owed by Cipriano to Produce Buyers. Since the basis of Plaintiff's Complaint against defendant Cipriano is a breach of fiduciary duty, the relevant limitations period is three years.

The next question before this Court is when the statute of limitations began to run in this case. In *Weis-Buy Services*, the court addressed the statute of limitations in the context of a PACA claim against the principal of the company that had purchased PACA protected goods. The Court found that the statute of limitations started to run when the seller knew the purchaser was making late payments in violation of PACA. The court concluded that "once [the buyers] and its officers failed to pay Sellers for the goods received, Sellers were on notice that the trustees were in breach of their fiduciary duties." *Weis-Buy*, 411 F.3d at 423. Further, the court stated,

> [W]e recognize that the trust created by PACA exists until the seller is paid, [ 7 U.S.C. §499(e)(C)(2)] and participants who preserve the rights to benefits remain beneficiaries until they are paid in full. 7 C.F.R. § 46.46(c)(2). However, when sellers are not suing to enforce the trust obligations or to preserve their shares of the trust res, but instead are suing the trustees in tort for damages resulting from a breach of its fiduciary duties, we believe that the statute of limitations must accrue from the time that the trustee openly repudiates those duties.

*Id.* The reasoning of the *Weis-Buy* case was recently adopted by the court in *Spada Properties, Inc. v. Unified Grocers*, 2014 WL 4058967, *10-11 (D. Or.)

Plaintiff argues in a footnote in its brief that regardless of the relevant statute of limitations, the statute starts to run again each time a payment is made. Plaintiff argues that the partial payments made by Produce Buyers in May and June, 2012, reset the beginning of the limitations period for commencing a lawsuit. Plaintiff relies on *Charbonneau v. Mary Jane Elliott, P.C.*, 611 F.supp.2d 736 (E.D. Mich. 2009) in support of this position.

Plaintiff's reliance on this case is misplaced. In *Charbonneau,* Plaintiff brough suit against the defendant under the Fair Debt Collection Practices Act (15 U.S.C. § 1692). The parties agreed that the controlling statute of limitations for the collection for past due debts was

six years from the date the cause of action accrued (M.C.L. 600.5807). The dispute was over M.C.L. § 600.5831, which provides "in actions brought to recover the balance due upon a mutual and open account. . . the claim accrues at the time of the last item proved in the account." In that context, determining when the statute of limitations runs on a collection action, the court held that a partial payment may operate as an acknowledgment of the continued existence of the debt.

As previously discussed, Plaintiff in the instant case is not suing defendant Cipriano for nonpayment of a debt. In fact, Plaintiff's cause of action for nonpayment of a debt could only be brought against the party with whom it contracted, that is, Produce Buyers. The sole basis of Plaintiff's Complaint against defendant Cipriano is breach of fiduciary duty. The partial payment theory as a ground for extending the statute of limitations simply does not apply when the cause of action is a breach of fiduciary duty.

In sum, this Court agrees with the conclusion of the *Weis-Buy* and *Spada* courts that the statute of limitations on a breach of fiduciary duty claim runs from the date on which Plaintiff first has knowledge that the defendant purchaser has failed to pay timely as required by the invoice.

In the instant case, the statute of limitations on Plaintiff's breach of fiduciary duty claim against defendant Cipriano began running in December, 2010, when Produce Buyers defaulted on the 10 day payment terms set forth in Plaintiff's invoices. Plaintiff did not commence its lawsuit until September, 2014. As stated above, the statute of limitations in Michigan for breach of fiduciary duties is three (3) years. Plaintiff's claim against both Defendants is untimely. Defendant, Produce Buyers failed to file a response to Plaintiff's complaint and a default judgment has already been entered Produce Buyers. However, as to defendant Cipriano,

Plaintiff's complaint is dismissed for the reason that it was brought outside the applicable statute of limitations.

## Conclusion

Because Plaintiff's breach of fiduciary duty claim against defendant Cipriano is time barred, Count II of the Complaint is dismissed as to that defendant. Without a valid claim for breach of fiduciary duty, Plaintiff cannot establish a nondischargeable claim under § 523(a)(4) and Count IV is also dismissed as to defendant Cipriano.

Signed on December 04, 2014

```
              /s/ Marci B. McIvor
              Marci B. McIvor
              United States Bankruptcy Judge
```